DANIEL G. BOGDEN
United States Attorney
District of Nevada
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
NADIA J. AHMED
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nicholas.dickinson@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY P. BULRESON,<br><br>Defendant. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT BURLESON'S OBJECTION TO ORDER AND REPORT OF FINDINGS AND RECOMMENDATION (ECF No. 1344)** |

**CERTIFICATION**: Pursuant to Local Rule 12-1, this Response is timely filed.

The United States, by undersigned counsel, submits the following:

On October 13, 2016, defendant Burleson filed a Motion to Suppress Un-Mirandized Tape Recorded Interview (EFC No. 876) and on November 16, 2016, he filed a Motion to Suppress Un-Mirandized Tape Recorded Interview of Defendant to Law Enforcement Agent that was a Product of Prior Unconstitutional

Interrogation. ECF No. 982. The government responded to both motions, ECF Nos. 926, 1071, and provided the Court with the statements at issue. ECF No. 1072.

The motions were referred to U.S. Magistrate Judge Peggy Leen pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice. On December 13, 2016, Judge Leen held a hearing on the motions. On January 11, 2017, Judge Leen entered an Order and Report of Findings and Recommendation ("Report") that Burleson's motions be denied as both statements were voluntary. ECF No 1277. In addition, Judge Leen found that an evidentiary hearing was unnecessary. *Id.*

On January 18, 2017, Burleson filed objections to the Report. ECF No. 1344. He reiterates his argument that his October 27, 2014 videotaped interview was involuntary, because undercover agents supplied him with "copious amounts of alcohol." Burleson also reiterates his argument that his January 15, 2015 recorded call with an FBI agent should be suppressed as a product of the unconstitutional October 2014 interview.

The government opposes Burleson's objections for the reasons articulated in its original responses, ECF Nos. 926, 1071, the recordings themselves, ECF No. 1072, its arguments at the December 13, 2016 hearing, and Judge Leen's Report.

The sole issue is whether his two statements were voluntary. Burleson simply makes general and conclusory allegations that his was free will was overborn by alcohol on October 27, 2014. Judge Leen carefully reviewed Burleson's October 27, 2014 videotaped interview and reached the only logical result:

> In short, the record simply does not support Burleson's claim that he was physically or mentally impaired, or 'grossly intoxicated' at any point during the interview. The video depicts a person who was eager to talk about the events at the Bundy ranch, and to outline his own involvement and motivation. In fact, at one point during the interview Burleson made admissions about why he went to the site, prefacing his remarks with "I know this is on tape, but I went there to…."

Report at 11. Judge Leen also carefully reviewed Burleson's January 2015, telephone conversation with an FBI special agent and found that it made "clear that Burleson was eager to discuss his involvement at Bundy Ranch….." Report. *Id.* Thus Judge Leen correctly found that Burleson's statements were voluntary.

Judge Leen's review of the statements supports her denial of an evidentiary hearing. The record is clear that Burleson was not "too intoxicated to think clearly." Burleson had ample opportunity in his pleadings and at the December 13, 2016 hearing to provide an order of proof or allege specific facts that facts would require an evidentiary hearing. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Burleson failed to do so and furthermore the video of his October 2014 interview "belies his unsupported claims he was plied with alcohol by the agents or [was] grossly intoxicated." Report at 6. Thus Judge Leen did not abuse her discretion in denying an evidentiary hearing.

Burleson's remaining objections are irrelevant rhetoric. Burleson claims he was "interrogated" and subjected to "sophisticated psychological manipulation." In short, Bureleson takes issue with the fact that he eagerly discussed his involvement in assaulting law enforcement officers with both an undercover FBI agent and someone he knew to be an FBI agent. Burleson, without citation to any relevant

3

authority, claims that the use of an undercover agent amounted to a "gigantic abuse of government resources" and "prosecutorial misconduct." ECF No. 1344 at 4. Of course undercover investigations are often vitally important. Accordingly, courts have repeatedly upheld the use of undercover operations and the deceit that necessary accompanies that practice. *See e.g. Hoffa v. United States*, 385, U.S. 293 (1966) (holding that placing an undercover agent near a subject in order to gather incriminating information was permissible under the Fifth Amendment). Burleson's consensual conversations with the undercover agent and the know agent bear no resemblance to the kind of corrosive custodial interrogations courts have ruled constitutionally impermissible. *See* Report at 8-9 citing cases.

For the reasons given above, the government asks that the Court overrule Burleson's objections and enter an order adopting Judge Leen's Report.

Dated this 1st day of February 2017.

        Respectfully submitted,

        DANIEL G. BOGDEN
        United States Attorney

        *//s//*
        _____
        STEVEN W. MYHRE
        NICHOLAS D. DICKINSON
        NADIA J. AHMED
        Assistant United States Attorneys
        ERIN M. CREEGAN
        Special Assistant United States Attorney

        *Attorneys for the United States*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT BURLESON'S OBJECTION TO ORDER AND REPORT OF FINDINGS AND RECOMMENDATION (ECF NO. 1344)** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 1st day of February, 2017.

*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Assistant United State Attorney