**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-00046-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CLIVEN D. BUNDY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion in Limine ("MIL"), (ECF No. 1290), filed by Defendant Gregory P. Burleson ("Burleson"), which seeks to preclude admission of internet evidence. Pursuant to the Court's Minute Order on January 13, 2017, Burleson filed under seal the specific evidence he believes the Court should exclude as irrelevant and overly prejudicial. (ECF No. 1304). The Government filed both a Response, (ECF No. 1369), and Supplemental Response, (ECF No. 1434). Burleson did not file a Reply. For the reasons discussed below, the Court GRANTS in part and DENIES in part Burleson's Motion.

## I. <u>LEGAL STANDARD</u>

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial." Black's Law Dictionary 1109 (9th ed. 2009). Typically, "a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Id*. Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has held that trial judges are authorized to rule

on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

It is settled law that in limine rulings are provisional and "not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d at 846. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

## II. DISCUSSION

Burleson raises two arguments in his Motion: (1) the internet postings exceed the scope of the search warrant; and (2) the internet postings are irrelevant and overly prejudicial pursuant to the Federal Rules of Evidence.

### 1. Scope of the Warrant

Burleson argues that the internet postings exceed the scope of the search warrant authorizing seizure of such data. (MIL 4:13–15, ECF No. 1290). While styled as a motion in limine, Burleson in effect seeks a motion to suppress the seized evidence. *See United States v. Hurd*, 499 F.3d 963 (2007) (finding that suppression is the appropriate remedy when arguing that evidence exceeds the scope of the authorized search warrant). Parties may seek to suppress evidence by filing a 12(b)(3) pretrial motion to suppress. *See* Fed R. Crim. P. 12(b)(3)(C). If a party does not meet the deadline for filing a motion under Rule 12(b)(3), the motion is considered untimely. *Id.* at 12(c)(3).

Here, the Court's Case Management Order required all Rule 12 motions to be filed no later than October 3, 2016. (Order, ECF No. 321). While the Court may permit late-filed motions upon an adequate showing of good cause, Burleson has failed to provide any explanation as to why the motion was not timely filed. *See* Fed R. Crim. P. 12(b)(3)(C). Moreover, to the extent the Court does consider Burleson's argument, Burleson has failed to provide any sort of analysis as to what specific evidence allegedly goes beyond the scope of the warrant. Accordingly, the Court denies Burleson's request for suppression of evidence outside the scope of the warrant.

### 2. Admissibility Under Federal Rules of Evidence

Burleson additionally argues for the Court's review of all internet evidence to determine admissibility, claiming many of the internet postings contain irrelevant and overly prejudicial "racist, anti-Semetic, or homophobic comments." (*See* MIL 1:26–2:4). Specifically, Burleson

argues that the evidence is inadmissible pursuant to FRE 402, 403, and 404(b). (*Id.* 1:15–16). Beyond conclusory assertions, Burleson fails to provide any actual analysis of the internet postings that allegedly fall short of these evidentiary rules.  Accordingly, the Court rejects Burleson's request for a preliminary review of *all* internet evidence.  However, the Court does consider for review the specific evidence filed under seal pursuant to the Minute Order on January 13, 2017. (Exhibits, ECF No. 1304).  For purposes of this review, the Court adopts the Government's notations as detailed in Exhibit A to the Government's Supplemental Response, (ECF No. 1435).

### a) Entries marked with an asterisks ("*")

The Government does not oppose exclusion of these entries and "has no intention of offering these entries at trial." (Suppl. Resp. 2:10–12).  Accordingly, the entries marked by an asterisks are hereby excluded.

### b) Entries marked with B, C, D, E, F, G, H, I, J, K, and Q

The Government intends to offer some or all of these entries at trial and therefore opposes their exclusion. (*Id.* 2:18–21).  Specifically, the Government argues that these entries are relevant to issues like knowledge, consciousness of guilt, admissions, and statements in furtherance of conspiracy. (*Id.*)  The Court agrees that these entries contain statements that are both relevant and probative to the issues of the case.  Moreover, the entries do not contain the highly prejudicial discriminatory language referenced in Burleson's Motion.  Accordingly, the Court rejects Burleson's request to preliminarily exclude this evidence.

### c) Entries marked with A, L, M, N, O, P, R, S, T, U, V, W, X, and Y

The Government does not intend to affirmatively offer these entries as part of its case in chief, but argues it should be able to offer them in rebuttal if they become relevant. (*Id.* 3:2–5). While the Court notes that these entries include language with questionable relevance and probative value, the actual admissibility of this evidence cannot be determined without the full

context of trial. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846.  Accordingly, the Court finds exclusion of these entries at this time to be premature.  Nevertheless, the Court cautions the Government that the circumstances that would justify admission of some of these statements may be quite narrow.

### III.    CONCLUSION

**IT IS HEREBY ORDERED** that Burleson's MIL, (ECF No. 1290), is **GRANTED in part** and **DENIED in part** in accordance with the foregoing.

**DATED** this __7__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge