**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 2:16-cr-00046-GMN-PAL |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| CLIVEN D. BUNDY *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the Court are two requests for copies of exhibits submitted by Vanessa Murphy on behalf of KLAS-TV, a local news organization in Las Vegas known as Channel 8 News ("Channel 8"). (*See* Exs. 1 & 2). Channel 8 submitted the requests to the Clerk's Office on March 23, 2017, and April 3, 2017, seeking copies of "video clips played in court from the FBI's undercover operation [known] as 'Longbow Productions'" (the "Longbow Interviews"). (Ex. 2). For the reasons discussed below, the Court **DENIES** Channel 8's request.

**I.   LEGAL STANDARD**

A strong judicial presumption exists favoring public access to judicial records, including the right to copy and inspect those records. *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1290, 1293–94 (9th Cir. 1986). The underlying purpose of the presumption is to "promot[e] the public's understanding of the judicial process and of significant public events." *Id.* at 1294.

Notwithstanding the presumption favoring access, courts in the Ninth Circuit must also evaluate the risk that the material at issue would be put to an improper use, which may counsel against permitting the exercise of that right in a given instance. *Id.* Improper uses include "publication of scandalous, libelous, pornographic, or trade secret materials; infringement of

fair trial rights of the defendants or third persons; and residual privacy rights." *Id.* Ultimately, the court must weigh "'the interests advanced by the parties in the light of the public interest and the duty of the courts.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602, (1978)).

## II. DISCUSSION

The Longbow Interviews requested by Channel 8 features interviews of several defendants conducted by a Federal Bureau of Investigation Undercover Employee ("UCE"). The Court has previously discussed its "concerns for harassment [of the UCE], the UCE's safety, and the protection of his on-going investigations." (ECF No. 1664); (*see also* ECF Nos. 1063, 1539). These concerns arose from suggested and particular threats of violence—including death threats—against law enforcement involved in this case. (Order 6:4–20, ECF No. 1063). As the Court has recounted,

> [o]ne supporter has already pled guilty to threatening a law enforcement officer and transmitting a threatening communication. *United States v. Michael*, Case No. 5:15-cr-00086-MSG (E.D. Pa. 2016). Government prosecutors have also been named in a post calling for a lone wolf attack and exclaiming the joy it will be to see the prosecutor hang or burn for treason.

(*Id.* 6:9–12). Based on these concerns, the Court found good cause to enter a Protective Order prohibiting "public disclosure of any audio recording, or similar reproduction of the voices or visual images of the UCE while testifying." (ECF No. 1539).

Public disclosure of the Longbow Interviews, which include audio of the UCE's voice, implicates these same concerns. Indeed, Defendants' supporters have publicly shared the personal identifying information of law enforcement officers associated with this case to intimidate and identify known and unknown individuals. (R. & R. 6:13–7, ECF No.

608).[1]  In light of the specific and credible threats against law enforcement involved in this case, coupled with the need to maintain the anonymity of the UCE, the Court finds it likely that the video may be used for improper purposes, namely, to discern the identity of the UCE. *See Valley Broad.*, 798 F.2d at 1294 (listing "residual privacy rights" as an improper use).

The Court is mindful of the public interest in the video at issue and in the importance of the presumption of public access to judicial records.  The Court also recognizes the public policy concern implicated by the safety of public officers who are required to work undercover during their investigations of possible criminal activity.  This latter concern heavily outweighs the presumption in favor of copying the video, particularly here where Channel 8 had the opportunity to view the Longbow Interviews in the courtroom.  The Court therefore denies Channel 8's request to copy the Longbow Interviews.

---

[1] (*See, e.g.*, Ex. 2 to Govt's Mot. for Protective Order, ECF No. 357-2) (dated April 12, 2016).



### III. CONCLUSION

**IT IS HEREBY ORDERED** that Channel 8's requests for copies of the Longbow Interviews dated March 23, 2017, and April 3, 2017, are **DENIED**.

**DATED** this __10__ day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

# EXHIBIT 1

| | | | | |
|---|---|---|---|---|
| AO 436 (Rev. 12/04) | Administrative Office of the United States Courts | | | |
| Read Instructions on Next Page. | CD/TAPE ORDER | | | |

| 1. NAME Vanessa Murphy | 2. PHONE NUMBER [redacted] | 3. DATE 3/23/17 | |
|---|---|---|---|
| 4. MAILING ADDRESS [redacted] | 5. CITY Las Vegas | 6. STATE NV | 7. ZIP CODE 89109 |
| 8. CASE NUMBER 16CR46 | 9. CASE NAME | DATES OF PROCEEDINGS | |
| | | 10. FROM | 11. TO |
| 12. PRESIDING JUDGE Judge Gloria Navarro | | LOCATION OF PROCEEDINGS | |
| | | 13. CITY Las Vegas | 14. STATE NV |

15. ORDER FOR
- [ ] APPEAL
- [x] CRIMINAL
- [ ] CRIMINAL JUSTICE ACT
- [ ] BANKRUPTCY
- [ ] NON-APPEAL
- [ ] CIVIL
- [ ] IN FORMA PAUPERIS
- [ ] OTHER (Specify)

16. TAPE REQUESTED (Specify portion(s) and date(s) of proceeding(s) for which duplicate cd/tape(s) are requested.)

| PORTION(S) | DATE(S) | PORTION(S) | DATE(S) |
|---|---|---|---|
| [ ] VOIR DIRE | | [x] TESTIMONY (Specify Witness) | 3/23/17 |
| [ ] OPENING STATEMENT (Plaintiff) | | | |
| [ ] OPENING STATEMENT (Defendant) | | | |
| [ ] CLOSING ARGUMENT (Plaintiff) | | [ ] PRE-TRIAL PROCEEDING (Spcy) | |
| [ ] CLOSING ARGUMENT (Defendant) | | | |
| [ ] OPINION OF COURT | | | |
| [ ] JURY INSTRUCTIONS | | [ ] OTHER (Specify) | |
| [ ] SENTENCING | | | |
| [ ] BAIL HEARING | | | |

17. ORDER

| | NO. OF COPIES REQUESTED | COSTS |
|---|---|---|
| [ ] REFORMATTED DUPLICATE TAPE(S) FOR PLAYBACK ON A STANDARD CASSETTE RECORDER AT 1-7/8 INCHES PER SECOND | | |
| [ ] UNREFORMATTED DUPLICATE TAPE(S) FOR PLAYBACK ON A 4-TRACK CASSETTE RECORDER AT 1-7/8 INCHES PER SECOND | | |
| [ ] UNREFORMATTED DUPLICATE TAPE(S) FOR PLAYBACK ON A 4-TRACK CASSETTE RECORDER AT 15/16 INCHES PER SECOND | | |
| [x] RECORDABLE COMPACT DISC - CD | 1 | |

CERTIFICATION (18. & 19.)
By signing below, I certify that I will pay all charges (deposit plus additional) upon completion of the order.

| 18. SIGNATURE [signature] | 19. DATE 3/23/17 |
|---|---|
| PROCESSED BY | PHONE NUMBER |

| | DATE | BY | | |
|---|---|---|---|---|
| ORDER RECEIVED | | | DEPOSIT PAID | |
| DEPOSIT PAID | | | TOTAL CHARGES | 0.00 |
| TAPE / CD DUPLICATED | | | LESS DEPOSIT | 0.00 |
| ORDERING PARTY NOTIFIED TO PICK UP TAPE | | | TOTAL REFUNDED | |
| PARTY RECEIVED TAPE / CD | | | TOTAL DUE | 0.00 |

DISTRIBUTION: COURT COPY    ORDER RECEIPT    ORDER COPY

I am requesting video copies of evidence:
Interviews by FBI w/ O. Scott Drexler, Gregory Burleson &
Eric Parker. →

Clips → 335, 341, 334, 333
(are included)

I can provide more specific numbers if needed, but again, I am requesting the FBI interviews w/ the 3 defendants.

Thank you.

# EXHIBIT 2

*If there is a fee, please let me know beforehand.

**REQUEST FOR SERVICES**
U.S. District Court, District of Nevada

FOR COURT USE ONLY
Amount Due: _____
Number of Pages: _____
Number Certified: _____
Number Exemplified: _____

Date: 4/3/17

CONTACT PERSON: Vanessa Murphy
FIRM OR AGENCY: KLAS-TV
ADDRESS: [redacted] Las Vegas, NV 89109
TELEPHONE #: [redacted]
(You will be called when the services have been completed.)

CASE NUMBER: 2:16-cr-00046-GMN-PAL
(This information is required to complete your request. If you do not have the case number, please check our computerized index to obtain it. Format example: 2:75-CV-09999-LDG-PAL.)

CASE CAPTION: USA vs. Gregory Burleson, O. Scott Drexler, Eric Parker, et al*
(List plaintiff(s) and defendant(s); i.e. Joe Smith v. Art Brown, et al.)

☐ **RETRIEVAL FROM THE FEDERAL RECORDS CENTER**
The charge for retrieval of records is $64.00 for one box and $39.00 for each additional box to be paid in advance. Please allow 2 weeks for delivery. For electronic retrievals, $10 plus charges assessed by the Federal Records Center or National Archives.

☐ **RECORDS SEARCH** ($31.00 Fee for each name searched.)
List information to be searched:

NOTE: Fee for copying any record or paper is $.50 per page.

☐ **COPY OF DOCKET SHEET**

☐ **COPY OF DOCUMENT(S)**
List the document number(s) requested:

☐ **CERTIFICATION OF DOCUMENT(S)** ($11.00 Fee for Certification plus copy charges)
List the document number(s) requested:
I am requesting video clips played in court from the FBI's undercover operations as "Longbow Productions." I believe the clips were played on 3/23. The clips include interviews with defendants*

☐ **EXEMPLIFICATION OF DOCUMENT(S)** ($22.00 Fee for Exemplification plus copy charges)
List the document number(s) requested:

(Note: Failure to provide case and document number(s) for any request may result in a $31.00 fee for a record search.)

Electronic public access to federal records is available through PACER at www.pacer.gov
Our website is www.nvd.uscourts.gov

Rev. 12/16

*Gregory Burleson, O. Scott Drexler, & Eric Parker.