# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
)
        Plaintiff, )    Case No.: 2:16-cr-46-GMN-PAL
vs. )
)    **ORDER**
GREGORY P. BURLESON, )
)
        Defendant. )
)

Pending before the Court is the Government's Motion to Dismiss without prejudice Counts 1 and 2 of the Superseding Indictment against Defendant Gregory P. Burleson ("Defendant"). (ECF No. 1968). Defendant filed a Response, arguing that the dismissal should instead be with prejudice (ECF No. 1973), and the Government filed a Reply (ECF No. 1986).

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other co-defendants with numerous counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27). A jury trial of Defendant and five of his co-defendants began on February 6, 2017. On April 24, 2017, the jury reached a partial verdict, finding Defendant guilty of Counts 5, 6, 8, 9, 12, 14, 15, and 16. (ECF No. 1887). However, the jury deadlocked on Counts 1 and 2 as to Defendant. (*Id.*).[1] Upon finding manifest necessity, the Court declared a mistrial on the deadlocked counts and set retrial for June 26, 2017. (*Id.*). On May 16, 2017, the Government filed the instant Motion to Dismiss. (Gov't Mot. to Dismiss, ECF No. 1968).

---

[1] The jury also found co-defendant Todd Engel ("Engel") guilty as to Counts 12 and 16, but it deadlocked as to the remaining counts for Engel and all counts as to the other four co-defendants. (ECF No. 1887).

| | |
|---|---|
| 1 | The Government seeks to dismiss without prejudice Counts 1 and 2 against Defendant |
| 2 | under Federal Rule of Criminal Procedure ("FRCP" or "Rule") 48.  The Government explains |
| 3 | that it "seeks dismissal here simply as a matter of judicial economy." (Gov't Mot. to |
| 4 | Dismiss 4:3).  The Government argues that such a dismissal is properly without prejudice |
| 5 | because "while [it] does not intend to proceed with a second trial on the deadlocked counts at |
| 6 | this time, it nonetheless expressly reserves its right to seek a superseding indictment if this |
| 7 | Court (or, the Ninth Circuit) reverses or vacates the verdicts on the extant counts of |
| 8 | conviction." (*Id.* 4:15–18). |

The Government seeks to dismiss without prejudice Counts 1 and 2 against Defendant under Federal Rule of Criminal Procedure ("FRCP" or "Rule") 48. The Government explains that it "seeks dismissal here simply as a matter of judicial economy." (Gov't Mot. to Dismiss 4:3). The Government argues that such a dismissal is properly without prejudice because "while [it] does not intend to proceed with a second trial on the deadlocked counts at this time, it nonetheless expressly reserves its right to seek a superseding indictment if this Court (or, the Ninth Circuit) reverses or vacates the verdicts on the extant counts of conviction." (*Id.* 4:15–18).

Defendant responds and objects that dismissal should be with prejudice. (Def. Resp. 1:17–19, ECF No. 1973). Defendant argues dismissal with prejudice is proper because "the first trial established that the [G]overnment will never be able to prove" Counts 1 and 2, and a dismissal without prejudice "will leave [Defendant] in an unnecessary state of limbo while felony charges remain pending indefinitely against him." (*Id.* 1:20–27).

FRCP 48 provides: "The government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The Ninth Circuit has explained:

> Before the promulgation of [Rule 48(a)], the common law provided prosecutors unfettered discretion, before empaneling the jury, to enter a *nolle prosequi*, a decision not to prosecute, without first obtaining the court's consent. Because of the concern that prosecutors were abusing this discretion and harassing defendants by indicting, dismissing, and reindicting without triggering the protections of the double jeopardy clause, Rule 48(a) was enacted to provide a check on prosecutorial behavior. Thus, federal prosecutors now must seek "leave of court" to dismiss without prejudice. While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution.

*United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988) (internal citations and quotation marks omitted).

1  A fundamental consideration in assessing the propriety of a prosecutor's Rule 48(a) dismissal motion is whether the motion is made in good faith. *Id.* If the district court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion, it should grant the motion. Conversely, Rule 48(a) empowers the district court to exercise its discretion in denying the motion when it specifically determines that the government is operating in bad faith. *Id.* Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges. *Id.* at 1488. "[W]hen the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request." *Id.* If the district court finds that the government utilized the Rule 48(a) motion in bad faith, the court may reverse its earlier Rule 48(a) ruling. *Id.* at 1488–89. In so doing, the court would then be able to entertain a motion to dismiss with or without prejudice under Rule 48(b). *Id.*; *see also United States v. Towill*, 548 F.2d 1363, 1368 n.4 (9th Cir. 1977); *United States v. Simmons*, 536 F.2d 827, 833 (9th Cir. 1976).

Here, Defendant does not assert that the Government has acted in bad faith or otherwise brings this motion to harass Defendant. Further, Defendant does not provide any legal basis or case law to support his assertion that dismissal with prejudice is proper.[2] The Court finds the Government's motion was made in good faith, consistent with its stated purpose of judicial economy. Therefore, the Court must grant the Government's motion and dismiss without prejudice. *See Hayden*, 860 F.2d at 1488.

---

[2] The Court also notes that Defendant is misguided in his argument that "the evidence presented at the first trial established that the government will never be able to prove either of the conspiracy charges in Count one and Court two against [Defendant] beyond a reasonable doubt." (Def. Resp. 1:20–23). A deadlocked jury does not conclusively establish a finding of guilty or not guilty. Further, at the close of the Government's case-in-chief, Defendant filed a Motion for Joinder (ECF No. 1800) to co-defendant Ricky R. Lovelien's Motion for Acquittal under FRCP 29(a) (ECF No. 1798). The motions made this same argument as Defendant's Response here. The Court denied the motions, finding that a rational trier of fact could find the evidence presented sufficient to prove the charges beyond a reasonable doubt when viewed in the light most favorable to the Government. (*See* ECF No. 1804); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Court's findings on those motions further undermine Defendant's assertion in his Response.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Dismiss (ECF No. 1968) is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts 1 and 2 of the Superseding Indictment as to Defendant Gregory P. Burleson are **DISMISSED without prejudice**.

**DATED** this __23__ day of May, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court