UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )    Case No.: 2:16-cr-00046-GMN-PAL-16
        vs.                          )
                                     )    **ORDER**
GREGORY BURLESON,                    )
                                     )
                    Defendant.       )
                                     )

Pending before the Court is Defendant Gregory P. Burleson's ("Defendant's") Motion for Sentence Reduction, (ECF No. 3541).[1] The Government filed a Response, (ECF No. 3529), and Defendant filed a Reply, (ECF No. 3536).

Defendant's Motion requests that his sentence be reduced from 819 months to 387 months because his 819-month sentence includes three "stacked" counts under 18 U.S.C. § 924(c), even though Defendant had no § 924(c) convictions from a prior prosecution. (Mot. Sentence Reduction ("MSR") 4:17–23, ECF No. 3541). 18 U.S.C. § 924(c) requires a mandatory minimum sentence of 7 years[2] for the first § 924(c) conviction, and a mandatory minimum sentence of 25 years for each subsequent § 924(c) conviction. At the time of Defendant's sentencing, the 25-year mandatory minimum was routinely applied when a first-

---

[1] Defendant originally filed a motion styled as a Motion for Compassionate Release, (ECF No. 3522), that asked for two forms of relief: immediate compassionate release due to the COVID-19 pandemic and a sentence reduction due to Defendant's § 924(c) "stacked" sentences. The Court bifurcated this Motion pursuant to Local Rule IC 2-2(b), which states "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." (*See* Min. Order, ECF No. 3540).

[2] For a charge of Use and Carry of a Firearm in Relation to a Crime of Violence, § 924(c) requires a mandatory minimum sentence of five years. 18 U.S.C. § 924(c)(1)(A)(i). However, if the firearm is brandished, as here, the mandatory minimum increases to seven years. 18 U.S.C. § 924(c)(1)(A)(ii); (Superseding Indictment, ECF No. 27); (J., ECF No. 2220).

1

time offender obtained multiple § 924(c) convictions in a single prosecution, even when the offender had no § 924(c) convictions from a prior prosecution, thus creating a "stacked" sentence for multiple § 924(c) counts. Accordingly, because Defendant was convicted on three § 924(c) counts in a single prosecution, he received 7 years for the first § 924(c) count, and 25 years for each of the two "subsequent" 924(c) counts. (*See* J., ECF No. 2220).

After Defendant's sentencing, Congress passed the First Step Act of 2018, which clarified that the 25-year mandatory minimum only applies when a defendant has a § 924(c) conviction from a prior prosecution. *See* First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222 (2018). Therefore, if Defendant had been sentenced after the passage of the Frist Step Act, he would have received a sentence of 7 years for each of his three § 924(c) counts. (MSR 4:18–21). However, because Congress did not make the First Step Act's changes to § 924(c) retroactive, Defendant is unable to challenge his sentence based on a change in the law. *See* First Step Act § 403(b). In pursuit of an alternative avenue of relief, Defendant's Motion argues that his "stacked" sentence constitutes an extraordinary and compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (MSR 6:6–9:25).

Currently on appeal in the Ninth Circuit is *United States v. Stain*, Ninth Cir. Case No. 21-10154 (District Court Case No. 2:02-cr-00201-LRH-NJK-4), which presents the issue: whether the First Step Act's changes to § 924(c) "stacking" provisions may constitute an extraordinary and compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Because the exact issue in Defendant's Motion is currently on appeal with the Ninth Circuit, and because Defendant would still have decades left on his sentence even if the Court grants his Motion, the Court ordered Defendant to show cause why this case should not be stayed pending the outcome of *United States v. Stain*. (Min. Order, ECF No. 3555). Defendant filed a Response to the Order to Show Cause, (ECF No. 3557), the Government filed a Response to Defendant's Response, (ECF No. 3560), and Defendant filed a Reply, (ECF No. 3561).

For the reasons discussed below, the Court **DEFERS** its ruling on Defendant's Motion for Sentence Reduction and *sua sponte* **STAYS** this case as to Defendant pending the outcome of *United States v. Stain*.

## I. DISCUSSION

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1977). Accordingly, district courts may stay proceedings in the interests of judicial efficiency and fairness. *Fed. Home Loan Mortg. Corp. v. Kama*, No. 14-00137-ACK-KSC, 2016 WL 922780, at *9 (D. Haw. Mar. 9, 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). For example, a district court may stay proceedings in its own case pending the outcome of another related legal proceeding, even if the other proceeding is not "necessarily controlling of the action before the court." *Leyva v. Certified Growers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). In determining whether a stay is appropriate:

> the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Defendant argues that the Court should not stay this case pending the outcome of *United States v. Stain* because Defendant has also appealed several other issues from his criminal case, and the Ninth Circuit stayed those appeals pending this Court's decision on Defendant's Motion for Sentence Reduction.[3] (Deft's Resp. to Order Show Cause ("Deft's Resp.") 6:14–8:5, ECF No. 3557). Therefore, Defendant claims that staying this case would prevent him

---

[3] Defendant's appeals are docketed as Ninth Circuit Case Nos. 17-10319 and 21-10183. No. 17-10319 appeals Defendant's conviction and No. 21-10183 appeals this Court's denial of Defendant's Motion for New Trial and Motion for Compassionate Release.

3

from pursuing his other appeals and delay justice because a successful appeal could result in the overturn of his conviction, a new trial, or even immediate compassionate release. (*Id.*). However, upon closer inspection of the Ninth Circuit's docket, it is clear that Defendant himself moved to stay the appeal, which the Ninth Circuit granted as unopposed. (*See* Ninth Cir. Case No. 21-10183, Docket No. 5). Otherwise, Defendant has not identified any reason why he is unable to pursue his appeals independently of the Motion for Sentence Reduction, and in fact, it makes more sense for Defendant to first proceed with his current appeals because a successful appeal would moot the Motion for Sentence Reduction.[4] Further, Defendant's appeals concern issues entirely different from the issue in his Motion for Sentence Reduction. The issues on appeal focus on potential errors with his trial and compassionate release based on the COVID-19 pandemic, which, if successful, could result in an expedited release from custody. Conversely, the Motion for Sentence Reduction implicates the First Step Act's amendments to § 924(c) stacked sentences, which, if granted, would still leave over twenty years on Defendant's sentence. Essentially, Defendant accuses the Court of delaying justice and his appeals, but Defendant has actually delayed his own appeals by waiting for this Court's decision on an unrelated issue. Accordingly, the Court cannot find a reason why deferring judgment on the Motion for Sentence Reduction would result in a delay of justice.

Defendant also argues that the Ninth Circuit does not currently have jurisdiction over his appeals by claiming that his sentence is not final until this Court rules on his Motion for Sentence Reduction.[5] (Deft's Reply to Order Show Cause ("Deft's Reply") 3:5–4:1, ECF No. 3561). However, the Ninth Circuit acquires jurisdiction over a verdict of guilt in a criminal case when the sentence has been issued and the judgment of conviction is final. *See United*

---

[4] The Government's Response indicates that the Government would not oppose a motion by Defendant to lift the stay in his appeals. (Gov't. Resp. 5:24–6:1, ECF No. 3560).

[5] 28 U.S.C. § 1291 confers jurisdiction to courts of appeals from all *final decisions* of the district courts.

*States v. Arpaio*, 951 F.3d 1001, 1004 (9th Cir. 2020). *See also United States v. Vela*, 624 F.3d 1148, 151 (9th Cir. 2009) ("When a criminal defendant is found guilty, it is unremarkable that there is no final judgment until the defendant is sentenced; it is only at sentencing that the criminal action terminates and 'nothing [is left] for the court to do but execute the judgment.'") (internal citations omitted). In the present case, the Court issued Defendant's sentence on July 26, 2017, and finalized his judgment of conviction on July 28, 2017. (*See* Mins. Proceedings, ECF No. 2211); (J., ECF No. 2220). As such, Defendant's conviction is final, and he is free to pursue his appeals, even though he also challenged the length of his sentence in the district court.[6] *Reddick v. United States*, Nos. 4:06-cr-67-FL; 4:10-cv-24-FL, 2010 WL 5477217, at *2 (E.D.N.C. May 10, 2010) (citing *United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001)) ("The fact that a sentence can be modified pursuant to Rule 35 of the Federal Rules of Civil Procedure or 18 U.S.C. § 3582(c) does not affect the finality of the conviction and sentence.").[7]

Finally, Defendant argues that he would prefer to combine any prospective appeal of this Court's decision on the Motion for Sentence Reduction with the remainder of his already pending appeals to avoid piecemeal litigation. (Deft's Reply 3:5–18). While it is true that the Ninth Circuit has a policy of avoiding piecemeal review, this policy is generally used to prevent

---

[7] This Court may even lack the jurisdiction to grant Defendant's Motion for Sentence Reduction while his conviction is on direct appeal because of Federal Rule of Criminal Procedure 37, which states "if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion . . . ." The Notes of Advisory Committee to Rule 37 identify motions for reduction of sentence under 18 U.S.C. § 3582(c) as the type of motions to which Rule 37 would primarily apply. *See also United States v. Xiao-Ping Su,* Nos. 11-cr-00288-JST; 17-cv-02885-JST, 2019 WL 1283937, at *6 (C.D. Cal. Mar. 20, 2019) (citing *United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) (holding that the district court lacked jurisdiction to grant a motion for sentence reduction while the conviction was on direct appeal)); *United States v. Carlucci*, 848 Fed. Appx. 339, 340 n.1 (9th Cir. 2021) ("Because Appeal No. 20-10176 was pending when Carlucci filed his second compassionate release motion, the district court correctly held that it lacked jurisdiction to grant the motion (citations omitted). However, it had the authority to deny the motion."). The Court prefers to defer a decision on Defendant's Motion, rather than deny it outright for lack of jurisdiction, because: (1) the exact issue in Defendant's Motion is currently on appeal and could provide a definitive answer; (2) the Motion could be mooted if Defendant is successful in any of his current appeals; and (3) there is no prejudice in waiting, because even if the Motion is granted, Defendant will have decades left on his sentence anyways.

delays in criminal trials due to interlocutory appeals or to avoid numerous costly and time-consuming appeals. *See, e.g.*, *United States v. Vela*, 624 F.3d 1148 (9th Cir. 2010); *United States v. Hickey*, 185 F.3d 1064 (9th Cir. 1999); *Matter of Fendler*, 597 F.2d 1314 (9th Cir. 1797).  In the present case, Defendant's trial has already concluded, and so proceeding with his other appeals prior to a decision on Motion for Sentence Reduction would not harm the interest of promptly bringing a criminal case to trial. *See Vela*, 624 F.3d at 1152 ("In criminal cases, the policy against piecemeal appellate review is at its strongest because of the interests of the defendant, the prosecution, and society in promptly bringing a criminal case to trial.").  In fact, justice would be better served by proceeding with Defendant's appeals now, rather than waiting for this Court's decision on an unrelated issue, because the appeals could result in the overturn of his conviction, a new trial, or release.  Moreover, proceeding with the appeals while waiting for the decision in *United States v. Stain* actually promotes judicial efficiency.  As noted above, should Defendant prevail on his appeals, his Motion for Sentence Reduction will be moot.  If his appeals are unsuccessful, waiting for the Ninth Circuit's definitive decision on the § 924(c) stacking issue will allow this Court to accurately resolve the Motion for Sentence Reduction, potentially avoiding the prospective appeal that Defendant's counsel foresees and saving court resources.

In sum, the Court finds that staying this case pending the outcome of *United States v. Stain* promotes the interests of judicial efficiency and fairness for two main reasons.  First, Defendant will suffer no prejudice as a result of the stay because Defendant would still have decades remaining on his sentence even with the prospective reduction and Defendant can proceed with his other appeals during the course of the stay, which might even end up mooting the Motion for Sentence Reduction.  Second, staying the case pending the outcome of *United States v. Stain* could simplify, or even definitively decide, the main legal issue at stake in Defendant's Motion for Sentence Reduction.  Accordingly, the Court *sua sponte* stays this case,

with respect to Defendant, and defers its ruling on the Motion for Sentence Reduction until the Ninth Circuit decides *United States v. Stain*.[8]

## II. CONCLUSION

**IT IS HEREBY ORDERED** that this case is **STAYED**, with respect to Defendant, pending the outcome of *United States v. Stain*.

**IT IS FURTHER ORDERED** that the Court's ruling on Defendant's [3541] Motion for Sentence Reduction is **DEFERRED** until the stay is lifted.

**IT IS FURTHER ORDERED** that the parties shall submit a joint status report every six months, beginning on Wednesday, May 4, 2022, detailing the status of the appeal in *United States v. Stain*.

**IT IS FURTHER ORDERED** that the Government's Motion for Leave to File a Response, (ECF No. 3560), is **GRANTED**.

**DATED** this __4__ day of November, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[8] Defendant also points out that it is possible that the Ninth Circuit may not resolve the § 924(c) stacking issue in *United States v. Stain*. (Deft's Resp. to Order Show Cause 6:14–7:12, ECF No. 3557). However, even if the Ninth Circuit declines to decide the § 924(c) stacking issue, waiting for that decision still does not prejudice Defendant because there will still be decades left on his sentence even if the Motion for Sentence Reduction is later granted. Further, the possibility that *United States v. Stain* will not resolve the § 924(c) stacking issue does not invalidate the Court's ability to stay this case because a district court may stay proceedings in its own case pending the outcome of another related legal proceeding, even if the other proceeding is not "necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64.